**In the Interest of J.H.**

**Appeal of J.H.**

Superior Court of Pennsylvania.

Argued April 7, 1999.
Filed Aug. 9, 1999.

Joel Schwartz, Margate City, New Jersey, for appellant.

Greg Rowe, Asst. Dist. Atty., Philadelphia, for the Com., participating party.

Before HUDOCK, EAKIN and MUSMANNO, JJ.

EAKIN, J.:

¶ 1 J.H. appeals the disposition made following his juvenile adjudication for theft by unlawful taking, theft by receiving sto-

len property and unauthorized use of an automobile. At the adjudicatory hearing, the court permitted appellant to be questioned, on cross-examination and over objection of defense counsel, about a prior adjudication of delinquency:

Q: [by the district attorney]: You've never been found guilty of stealing a car before?

A: [by Ms. Kousoulis, defense counsel]: Your Honor, I'd also object to that.

THE COURT: Sustained.

BY MR. AITHAL [the district attorney]:

Q: Have you ever been found guilty of stealing a car?

A: No, I haven't.

MS. KOUSOULIS: Your Honor, I would object.

THE COURT: Sustained.

BY MR. AITHAL:

Q: Have you ever been convicted of any crimes?

MS. KOUSOULIS: Your Honor, I would object.

THE COURT: Go ahead.

BY MR. AITHAL:

Q: I have a record that indicates in 1996 you were –

MS. KOUSOULIS: Your Honor, I would just object. I don't believe it's proper impeachment to ask the defendant about his record personally. If he has his juvenile file and he wants to move that into evidence as part of his evidence, that's fine. I don't believe he can actually question –

THE COURT: Overruled.

BY MR. AITHAL:

Q: The record indicates in 1996, you were adjudged delinquent for stealing a car. That would be wrong, wouldn't it.

A: Yes, it would.

N.T., 1/16/98, at 21–22.

¶ 2 Following appellant's testimony, the Commonwealth moved his juvenile file into evidence. The court found appellant committed the acts alleged and adjudicated him delinquent. Appellant filed a motion for extraordinary relief seeking a new trial because of the above questioning. The trial court denied the motion and appellant was placed on intensive probation. This appeal followed, in which appellant raises this question:

> Must not a new trial be ordered where, over objection, the lower court erroneously allowed the prosecution to cross-examine appellant on a prior adjudication of delinquency in direct violation of 42 Pa.C.S.A. § 5918 and a recent Pennsylvania Supreme Court decision, *Commonwealth v. Garcia*, 551 Pa. 616, 712 A.2d 746 (1998)?

■ ¶ 3 Appellant contends 42 Pa.C.S. Section 5918 and *Commonwealth v. Garcia*, 551 Pa. 616, 712 A.2d 746 (1998), entitle him to relief. Section 5918 provides:

> No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:
>
> (1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or
>
> (2) he shall have testified at such trial against a codefendant, charged with the same offense.

42 Pa.C.S. § 5918. In *Garcia*, an adult proceeding, the appellant asserted the trial court improperly permitted the Common-

wealth to cross-examine him about his prior larceny convictions. This Court (making no reference to Section 5918) found no abuse of discretion,[1] relying on *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987) and *Commonwealth v. Strong*, 522 Pa. 445, 563 A.2d 479 (1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1536, 108 L.Ed.2d 775 (1990), which hold evidence of convictions within ten years of trial may be introduced, if the crime was *crimen falsi*. The Supreme Court reversed, finding Section 5918 precludes cross-examination of a defendant about prior crimes, except under limited circumstances: "[P]roof [of prior crimes], if admissible at all, may be introduced only during rebuttal by competent witnesses and certified court records, unless the defendant puts his good character in issue or testifies against a co-defendant charged with the same offense."*Garcia*, at 748.

¶ 4 *Garcia* was decided after appellant's adjudication. In its Rule 1925 opinion, the trial court stated *Garcia* is distinguishable because it is based on Section 5918, which pertains only to adults. The court reasoned the cross-examination was permissible under the more specific statute, 42 Pa.C.S. § 6354(b)(2), which governs juvenile proceedings. That Section provides in pertinent part:

> (b) Effect in subsequent judicial matters.—The disposition of a child under this chapter may only be used against him:

(2) in a subsequent juvenile hearing, whether before or after reaching majority.

*Id.*

¶ 5 Facially, the terms of Sections 5918 and 6354(b)(2) appear at cross purposes, but appellant urges us to consider both Sections together rather than against each other; he maintains Section 6354 defines *what type* of evidence may be introduced, while Section 5918 defines *how* such evidence may be introduced. Appellant contends each section originated as part of the same piece of legislation in 1976, although each has roots in older statutes; because these provisions were considered in the context of the same bill, the legislature had the opportunity to address any jurisdictional exclusivity, and failed to do so.

¶ 6 The Commonwealth argues Section 6354(b)(2) trumps Section 5918 in juvenile proceedings. It notes that in amending the Juvenile Act in 1995, the legislature did not alter the substance of Section 6354(b)(2), which survived substantially unchanged except for a minor rephrasing and renumbering. The Juvenile Act has provided an adjudication is admissible in a subsequent juvenile hearing since it was enacted.[2]

¶ 7 Juvenile proceedings, by design of the General Assembly, have always lacked much of the trappings of adult criminal proceedings. This Court recently exam-

---

1. A trial court has broad discretion to limit the scope of cross-examination and rulings regarding the scope of cross-examination may not be reversed absent a showing that the court abused such discretion. *Commonwealth v. Gibson*, 547 Pa. 71, 688 A.2d 1152, 1160 (1997), *cert. denied*, 522 U.S. 948, 118 S.Ct. 364, 139 L.Ed.2d 284 (1997); *see also Commonwealth v. McEnany*, 732 A.2d 1263, at 1269, 1999 Pa.Super. LEXIS 891, at **16 (Pa.Super. May 13, 1999) (absent abuse of discretion, we may not disturb a trial court's ruling on admissibility of evidence for purposes of impeaching a defendant or witness).

2. Prior to the 1995 amendments, Section 6354 provided in pertinent part:
   (b) Effect in subsequent judicial matters.— The disposition of a child under this chapter may not be used against him in any proceeding in any court other than at a subsequent juvenile hearing, whether before or after reaching majority, except:
   (1) in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report; or
   (2) *if relevant*, where he has put his reputation or character in issue in a civil matter. 42 Pa.C.S. § 6354, Act of July 9, 1976, P.L. 586, No. 142, § 2.

ined the constitutional implications of the 1995 amendments in *In the Interest of J.F.*, 714 A.2d 467 (Pa.Super.1998), *appeal denied*, 557 Pa. 647, 734 A.2d 395, 1998 Pa. LEXIS 2741 (Pa. Dec. 17, 1998). There, the appellants contended the amendments transformed the nature and function of juvenile court into something akin to the adult criminal system, such that due process required juveniles be given a right to a jury. We observed the amendments reflect "the changing nature of juvenile crime, as society has witnessed a progression in the number of violent offenses committed by juveniles." *Id.*, at 471. Nevertheless, the policies underlying our juvenile system, while evolving, still emphasize rehabilitation and protection of our youth. *Id.* We declined to conclude a juvenile adjudication has become equivalent to an adult criminal proceeding and observed juvenile proceedings remain intimate, informal and protective in nature. *Id.*

¶ 8 Appellant claims "[n]othing in § 5918 expressly limits its application to adult defendants or adult proceedings," but this simply is not true. Section 5918 applies to questions "at trials" of persons "charged with any crime." 42 Pa.C.S. § 5918. Under the Juvenile Act, juveniles are not charged with crimes; they are charged with committing delinquent acts. They do not have a trial; they have an adjudicatory hearing. If the charges are substantiated, they are not convicted; they are adjudicated delinquent. *See* 42 Pa. C.S. §§ 6302, 6303, 6341, 6352. Indeed, the Juvenile Act expressly provides an adjudication under its provisions "is not a conviction of crime." 42 Pa.C.S. § 6354(a); *see, e.g.*, *In the Interest of K.B.*, 432 Pa.Super. 586, 639 A.2d 798, 805 (1994), *appeal denied*, 540 Pa. 613, 656 A.2d 118 (1995), *overruled on other grounds by In the Interest of M.M.*, 547 Pa. 237, 690 A.2d 175 (1997)("By its very terms, upon a finding of delinquency, the juvenile is not 'brand-

ed' with the stigma of a criminal conviction, but is simply 'adjudged delinquent' ").

¶ 9 These are not insignificant differences or the transposing of synonyms.[3] The entire juvenile system is different, with different purposes and different rules. When a statute expressly provides it applies to trials and crimes, and there is a statute on the same subject which specifically deals with juvenile hearings, we must limit the former to that to which it expressly applies: trials and crimes, not delinquent acts and juvenile hearings.

¶ 10 Appellant urges us to use "basic statutory construction principles," namely 1 Pa.C.S. Section 1932, which provides that statutes or parts of statutes *in pari materia* should be construed together; appellant contends we may give effect to Section 5918 without abrogating Section 6354(b)(2). Although this argument is facially attractive, to adopt it, we would have to ignore the express terms of each provision. Basic principles of construction preclude us from disregarding the prefatory language of Section 5918, which limits its application to persons charged with crime. As discussed above, that provision explicitly excludes juveniles such as appellant who are never charged with crimes. *See* 1 Pa.C.S. § 1921(b)("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"). Appellant fails to provide any authority to support directly the extension of Section 5918 to juvenile proceedings, and we must decline to do so.

¶ 11 The trial court also determined the probative value of the evidence exceeded any prejudicial impact; citing *Garcia*, appellant asserts the error in permitting the questioning was not properly deemed harmless. In *Garcia*, the disputed cross-examination was not harmless because the Commonwealth violated a "clear legislative directive," namely Section 5918. *Garcia*,

3. The tendency to interchange these terms is common, as shown by the questions of the

prosecutor, but this still does not make them equivalent.

at 749. But as Section 5918 does not apply to a juvenile adjudication, there is no statutory violation in this case. Appellant nevertheless contends the disputed line of questioning became prejudicial propensity evidence rather than facially neutral *crimen falsi* evidence; appellant concedes his prior adjudication could be admissible as *crimen falsi* through competent evidence on rebuttal.

¶ 12 This was not a jury trial but an adjudicatory proceeding, with the trial court sitting as fact finder. As such, the trial judge is presumed to consider appellant's prior adjudication for its proper purpose only, that is, assessing his credibility. *See, e.g., Commonwealth v. Harvey*, 514 Pa. 531, 526 A.2d 330, 333 (1987)(a trial judge is equipped, through training and experience, to assess the competency and relevance of proffered evidence and to disregard that which is prejudicial); *Commonwealth v. Brown*, 336 Pa.Super. 628, 486 A.2d 441, 443–44 (1984)(a trial judge sitting as fact finder is presumed to ignore prejudicial evidence). If the information was admissible after the juvenile stepped off the stand, the impact of allowing it before he did so was minimal at best – we must presume the learned trial court was not fooled by this distinction. Allowing the questions was not error – if it were, it created no prejudice to appellant and was harmless.

¶ 13 Order affirmed.