J-A17039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM WESLEY SWEENEY | |
| Appellant | No. 2558 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007866-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED OCTOBER 07, 2016**

Appellant, William Wesley Sweeney, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his bench trial convictions for five counts of criminal attempt (related sexual offenses), five counts of criminal solicitation (related sexual offenses), and one count each of unlawful contact with minor, and criminal use of communication facility.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case; so, we will not restate them.

Appellant raises the following issues for our review:

_____

[1] 18 Pa.C.S.A. §§ 901(a), 902(a), 6318(a)(1), and 7512(a), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

WAS THERE SUFFICIENT EVIDENCE PRESENTED AT THE TIME OF TRIAL TO CONVICT [APPELLANT] OF CRIMINAL ATTEMPT PHOTOGRAPHS/FILMS/DEPICTION ON COMPUTER SEX ACT—CHILD, CRIMINAL SOLICITATION IDSI PERSON LESS THAN SIXTEEN YEARS OF AGE, CRIMINAL SOLICITATION STATUTORY SEXUAL ASSAULT, CRIMINAL SOLICITATION CORRUPTION OF MINORS, CRIMINAL SOLICITATION INDECENT ASSAULT ON PERSON LESS THAN SIXTEEN YEARS OF AGE, CRIMINAL SOLICITATION PHOTOGRAPHS/FILMS/DEPICTION ON COMPUTER SEX ACT—CHILD, UNLAWFUL CONTACT WITH MINOR, AND CRIMINAL USE OF COMMUNICATION FACILITY?

WAS THE GUILTY VERDICT AS TO THE CHARGES OF CRIMINAL ATTEMPT PHOTOGRAPHS/FILMS/DEPICTION ON COMPUTER SEX ACT—CHILD, CRIMINAL SOLICITATION [IDSI] PERSON LESS THAN SIXTEEN YEARS OF AGE, CRIMINAL SOLICITATION STATUTORY SEXUAL ASSAULT, CRIMINAL SOLICITATION CORRUPTION OF MINORS, CRIMINAL SOLICITATION INDECENT ASSAULT ON PERSON LESS THAN SIXTEEN YEARS OF AGE, CRIMINAL SOLICITATION PHOTOGRAPHS/FILMS/DEPICTION ON COMPUTER SEX ACT—CHILD, UNLAWFUL CONTACT WITH MINOR, AND CRIMINAL USE OF COMMUNICATION FACILITY AGAINST THE WEIGHT OF THE EVIDENCE?

WAS THE TRIAL COURT IN ERROR FOR DENYING [APPELLANT'S] MOTION *IN LIMINE* AS TO THE REQUESTED EXCLUSION OF EVIDENCE OF A CRAIGSLIST ADVERTISEMENT?

WAS THE TRIAL COURT IN ERROR IN ALLOWING EVIDENCE TO BE PRESENTED AT THE HEARING PURSUANT TO THE COMMONWEALTH'S 404(B) MOTION AS TO PURPORTED STATEMENTS MADE WHEN THOSE INDIVIDUALS SUPPOSEDLY MAKING SAID STATEMENTS WERE NOT PRESENT IN COURT?

WAS THE TRIAL [COURT] IN ERROR IN GRANTING THE COMMONWEALTH'S 404(B) MOTION?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Bradley, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed September 30, 2015, at 2-14) (finding: **(1 and 2)** Sgt. Smith conducts undercover investigations and pursues Craigslist postings and responds to postings, which appear to be seeking sex with underage children; Sgt. Smith posed as "Sammy," 15-year-old boy, in response to ad entitled "Sunday Funday in Delco—33 (Aston/Lima)"; ad stated: "Looking for some fun (mutual oral) at my place today. I am looking for someone under 25, white, thin/athletic, D/D Free, and likes to get sucked and suck too…"; Sgt. Smith took "screen shot" of ad and initiated contact with Appellant on 10/20/13 through e-mail; Appellant asked "Sammy" for pictures, but "Sammy" replied he was 15 and "new at this" and did not want his mom to see communications; when Appellant asked if "Sammy" was affiliated with law enforcement, "Sammy" replied he had to finish homework and ended conversation that day; on 10/22/13, Sgt. Smith e-mailed Appellant image of fellow officer from when officer was 15 years old; Appellant continued to communicate with "Sammy" in following days *via* e-mail and text, sent pictures of himself, and suggested they meet; Appellant told "Sammy" he likes to give oral and asked "Sammy" to send a "cock pic"; Appellant provided "Sammy" with directions to meeting location;

when Appellant arrived at meeting location, Sgt. Smith immediately recognized Appellant from his pictures; officers detained Appellant; Appellant admitted he posted ad on Craigslist but claimed he was only seeking "workout partner"; Appellant denied exchanging any e-mails referencing sexual activity or posting the language accompanying ad seeking "mutual oral"; search warrant on Appellant's home revealed computer from which Appellant communicated with "Sammy"; expert testified Craigslist identification number assigned to ad was same number attached to e-mail exchange; Commonwealth presented sufficient evidence Appellant attempted to commit IDSI with 15-year-old boy; Appellant's continued communication with "Sammy" after posting ad shows Appellant took "substantial step" toward completing IDSI by appearing at designated location to meet "Sammy"; verdict was not against weight of evidence;[2] **(3)**

_____

[2] In its opinion at page 4, footnote 1, the trial court notes Appellant's Rule 1925(b) statement sets forth a general claim of insufficiency for all charges, but Appellant failed to identify which elements of which offenses had not been satisfied. The trial court could have waived the issue for vagueness. **See Commonwealth v. Reeves**, 907 A.2d 1 (Pa.Super. 2006), _appeal denied_, 591 Pa. 712, 919 A.2d 956 (2007) (stating Rule 1925(b) statement that is not specific enough for trial court to identify and address issues Appellant wishes to raise on appeal may result in waiver); **Commonwealth v. Williams**, 959 A.2d 1252, 1257-58 (Pa.Super. 2008) (stating to preserve claim that evidence was insufficient to sustain conviction, appellant must specify allegedly unproven element or elements in his Rule 1925(b) statement, or face waiver of claim). Instead of waiving Appellant's claim entirely, the court concluded Appellant's issue related to an alleged insufficiency of the evidence to prove intent and a substantial step toward the commission of IDSI. The court drew Appellant's specific sufficiency claim

_(Footnote Continued Next Page)_

Craigslist ad was properly authenticated through Sgt. Smith's testimony that ad produced at trial was same ad Sgt. Smith documented on 10/20/13; Sgt. Smith had personal knowledge to testify ad is what Commonwealth claimed it was; ad was also not admitted to prove truth of matter asserted but to show Sgt. Smith's subsequent course of conduct in initiating contact with Appellant; **(4 and 5)** prior to trial, Commonwealth gave notice of its intent to introduce evidence from two witnesses regarding events, which transpired in separate instances between Appellant and each witness; following pretrial hearing, pretrial court ruled testimony from designated witnesses was admissible for limited purpose of proving Appellant's intent in communicating with "Sammy" was to engage in sex with underage boy; notwithstanding pretrial evidentiary ruling, at trial, court heard witnesses' testimony but decided it was irrelevant and unreliable and disregarded it *in toto*; to extent admission of evidence was improper, it constituted harmless error[3]). The record supports the court's decision, and we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

*(Footnote Continued)* ———————————————

from his motion for judgment of acquittal. **See Commonwealth v. Laboy**, 594 Pa. 411, 936 A.2d 1058 (2007) (stating court can review issue despite vague Rule 1925(b) statement, where court readily apprehends appellant's claim and thoroughly addresses it in opinion).

[3] **See Commonwealth v. Smith**, 97 A.3d 782 (Pa.Super. 2014) (stating: "[A] trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/7/2016</u>

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :    CP-23-CR-7866-2013
                                          :

                  vs.                          :

             WILLIAM W. SWEENEY        :

                                          :

**Ryan Grace, Esquire, on behalf of the Commonwealth**
**Scott D. Galloway, Esquire, on behalf of the Defendant**

## O P I N I O N

Bradley, J.                                **FILED:** 9/30/2015

After a bench trial the Defendant, William Sweeney was found guilty of criminal attempt and solicitation of various sex offenses including, *inter alia, involuntary* deviate sexual intercourse of a person less than sixteen years of age, statutory sexual assault and indecent assault of a person less than sixteen years of age. On July 9, 2015 an aggregate sentence of three to six years of incarceration to be followed by three years of probation was imposed. Post-sentence motions were filed on July 20, 2015 and on July 28, 2015 the motions were denied. On August 24, 2015 a timely Notice of Appeal was filed, necessitating this Opinion.

In his "Rule 1925(b) Statement Concise Statement of Matters Complained of on Appeal," Defendant challenges the weight and the sufficiency of the evidence. Additionally, the Defendant claims that the trial Court erred by denying Defendant's pre-trial *motion in*

1



*limine* which sought to exclude from evidence the Craigslist ad that was the genesis of the investigation that culminated in Defendant's conviction. Finally, it is alleged that the Court erred when, during a hearing on the Commonwealth's Rule 404(b) motion, "evidence" of "purported statements was allowed when the proponents were not present in Court," and when it granted the 404(b) motion.

### Sufficiency and Weight of the Evidence

In Commonwealth v. Smith, 853 A.2d 1020, 1028 (Pa. Super. 2004) the Court considered the distinctions between claims that challenge the sufficiency and the weight of the evidence:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

2

Id. *citing* Commonwealth v. Widmer, 744 A.2d 745, 751-52 (Pa. 2000).

In reviewing the sufficiency of evidence, the test applied is "whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." Commonwealth v. Davalos, 779 A.2d 1190, 1193 (Pa. Super. 2001) *quoting* Commonwealth v. Williams, 720 A.2d 679, 682-683 (Pa. 1998). The Commonwealth may rely on wholly circumstantial evidence to sustain its burden of proving each element of a crime charged. Direct and circumstantial evidence are considered equally when assessing the sufficiency of the evidence. Id. Where guilt is predicated upon circumstantial evidence, "[t]he inferred fact must flow, beyond a reasonable doubt, from the proven fact where the inferred fact is relied upon to establish the guilt of the accused or the existence of one of [the] elements of the offense." Commonwealth v. Paschall, 482 A.2d 589, 591-92 (Pa. Super. 1984) *quoting* Commonwealth v. Meredith, 416 A.2d 481, 485 (Pa. 1980). See also Commonwealth v. Hargrave, 745 A2d 20, 22-23 (Pa. Super. 2000). When assessing the sufficiency of the evidence the Court must evaluate the entire record and all of the evidence must be considered in the aggregate. See Commonwealth v. Bricker, 882 A.2d 1008 (Pa. Super. 2005) *citing* Commonwealth v. Pappas, 845 A.2d 829 (Pa. Super. 2004); Commonwealth v. Hopkins, 747 A.2d 910, 913-14 (Pa. Super. 2000). In this case it is within the province of the Court, sitting as the trier of fact to determine the credibility of witnesses and the weight of the evidence. See e.g. Commonwealth v. Davidson, 860 A.2d 575, 580 (Pa. Super. 2004). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence

3

will be deemed sufficient to support the verdict." ∧ at 914. See also Commonwealth v.

Brown, 48 A.3d 426, 430 (Pa. Super. 2012) ("[t]he Commonwealth may sustain its burden by

means of wholly circumstantial evidence, and we must evaluate the entire trial record and

consider all evidence received against the defendant."); Commonwealth v. Moreno, 14 A.3d

133,136 (Pa. Super. 2011).

In a "Motion for Judgment of Acquittal filed on April 21, 2015, after the verdict was

returned but before sentencing Defendant averred that the evidence presented at trial failed

to prove beyond a reasonable doubt that the Defendant acted with the specific intent

necessary to establish Attempted Involuntary Deviate Sexual Intercourse and failed to prove

the Defendant took the "substantial step" that is a necessary element where Attempt is

charged.[1]

"A person commits an attempt when, with intent to commit a specific crime, he does

any act which constitutes a substantial step toward the commission of that crime." 18 P.S.

901. "The substantial step test broadens the scope of attempt liability by concentrating on

the acts the defendant has done and does not any longer focus on the acts remaining to be

---

[1] Defendant's Rule 1925(b) statement sets forth a general claim of insufficiency as to the following charges: 1) Criminal Attempt, Sexual Abuse of Children (§§ 18 Pa.C.S.A. §§ 901; 6312) (Count 5), 2) Criminal Solicitation (Involuntary Deviate Sexual Intercourse of a person less than 16 years of age (18 Pa.C.S.A. §§ 902 & 3123.) (Count 6), 3) Criminal Solicitation Statutory Sexual Assault (18 Pa.C.S.A. §§ 902 & 3122.1) (Count 7), 4) Criminal Solicitation Corruption of Minors (18 Pa.C.S.A. §§ 902 & 6301) (Count 8), 5) Criminal Solicitation Indecent Assault of a Person Less than 16 years of age (18 Pa.C.S.A. §§ 902 & 3126(a)(8) (Count 9), 6) Criminal Solicitation Sexual Abuse of Children, (18 Pa.C.S.A. §§ 902 & 6312) (Count 10), 7) Unlawful Contact with a Minor (18 Pa.C.S.A. § 6318) (Count 11), and 8) Criminal Use of Communication (18 Pa.C.S.A. §7512) (Count 12) . The elements that allegedly have not been satisfied are not identified. Similarly, specific elements were not identified in Defendant's post-sentence motion. From the record however, specifically from the Motion for Judgment of Acquittal, the Court has concluded that Defendant's sufficiency claim is based on an alleged insufficiency in the evidence proving intent and that Defendant took a "substantial step" toward the commission of Involuntary Deviate Sexual Intercourse. See Commonwealth v. Veon, 109 A.3d 754, 775 (Pa. Super. 2015); Commonwealth v. Garland, 63 A.3d 339, 344 (Pa. Super. 2013); Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009). Accordingly, only the specific claim that has been identified is addressed in this Opinion.

done before the actual commission of the crime." Commonwealth v. Zingarelli, 839 A.2d 1064, 1069 (Pa. Super. 2003) *quoting* Commonwealth v. Gilliam, 417 A.2d 1203, 1205 (Pa. Super. 1980). The defendant need not actually be in the process of the crime when arrested in order to be guilty of criminal attempt. Id. Involuntary deviate sexual intercourse is defined as follows: "(a) Offense defined.—A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant: ... 7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other. 18 Pa.C.S.A. 3123(a)(7). Involuntary deviate sexual intercourse occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse. Zingarelli, *supra, citing* Commonwealth v. Poindexter, 646 A.2d 1211, 1215 (Pa. Super. 1994).

The facts viewed in the light most favorable to the Commonwealth follow. Sergeant Gary Smith of the Aston Police department serves on the Delaware County Internet Crimes Against Children Task Force. See N.T. 1/15/15 p. 13. While conducting undercover investigations in this role Sergeant Smith pursues Craigslist postings and responds to postings that appear to be seeking sex with underage children. In this instance Sergeant Smith posed as "Sammy," a fifteen year-old boy. Id. at 13-16. On October 20, 2013 Sergeant Smith responded to an ad entitled "Sunday Funday in Delco -33 (Aston/Lima). See Exhibit C-1. The ad stated: "Looking for some fun (mutual oral) at my place today. I am looking for someone under 25, white, thin/athletic, D/D Free, and likes to get sucked and suck too (Not necessary) Send STATS and PICS Please. If you send me an e-mail, please have pics, and Stats attached. Location would help too. I have more pics to trade. U would

5

have to come to Aston/Lin  area at my place." Sergeant Smith  k a "screen shot" of the ad, which was posted by the Defendant, and initiated contact with the Defendant on October 20, 2013 through an e-mail. The exchange began with Defendant asking "Sam B" for "pics stats location something." "Sammy" replied: im from the aston upper chi area im 15 and new at this....i don't look my age." When Defendant repeated a request for "pics," "Sammy" replied: "i will I just dont want my mom to see." Later on the same day Defendant e-mailed: "I still haven't gotten a pic from you. Tell me, are you a police officer or affiliated with the law in any way shape or form?" and asks in a follow-up: " ...are you with the Law?" See ExhibitC-2. The exchanges on October 20, 2013 end after "Sammy" tells the Defendant that his mom is "starting to yell at him to finish his homework," and says that he will send a picture "tomorrow." On October 22, 2013 Sergeant Smith e-mailed the Defendant an image of a fellow officer that was captured when that officer was fifteen years old. Id. at pp. 15, 33. Photographs were exchanged and the Defendant continued to communicate with "Sammy" during the days that follow. Defendant suggested a meeting and "Sammy" replied, "im not old enough to drive but I have a bike." On October 23, 2013 the Defendant suggested that they meet at the "Vo-Tech" which is located near his house because the Defendant "doesn't have a car right now." The meeting was arranged and "Sammy" asked the Defendant what he likes to do. After some back and forth Defendant replied, "I like to talk, hang out, watch TV, give oral. Take a cock pic and send." The email exchange is replete with responses from "Sammy" in which he relates the fear that he might get in trouble with his "mom," and Defendant suggests that "Sammy go into the bathroom and take a "dick pick." See id. In an e-mail Defendant and asked, "how big are u?" The Defendant's emails became more graphic

6

in nature. For example, Defendant asked "Sammy" to send photos of his "hard D," and promised Sammy the best "BJ." See id.

At 5:46 p.m. on Sunday, October 27, 2013 a meeting was arranged to take place at the "Vo-Tech." in about "20 minutes." Defendant provided directions to the school. "Sammy" told the Defendant that he would be riding his bike and would see him soon. Defendant directed that they should meet in the parking lot.

At about 6:00 p.m. that evening Sergeant Smith went to the Vo-Tech parking lot and waited. See N.T. 1/15/15. Defendant arrived and based on the pictures that were exchanged Sergeant Smith recognized him "immediately." Id. at 32-33. Defendant walked through and behind trees, out of sight a "couple of times," as he approached the parking lot from his home and he was taken into custody. See N.T. 1/15/15 p. 32-34; 1/16/15 pp. 13.

Following his arrest and after waiving *Miranda* rights, Defendant gave a statement at the Aston Police Station. See Exhibit C-4b. Defendant admitted that he placed a Craigslist ad but contended that he was only looking for a workout partner and that he did not post the text that accompanies the ad contained in Exhibit C-1. He admitted exchanging e-mails with "Sam BPA." He knew generally where Sam lived, that "Sam" would be meeting him at the Vo-Tech and that "Sam" would be riding a bike. He denied ever discussing sexual activity of any kind in the e-mail exchanges. Although Defendant acknowledged participating in the lengthy exchange that took place between October 20th and October 27th but maintained that he could not recall and did not acknowledge seeing those particular messages in which "Sammy" stated his age or suggested in any way that he was about fifteen years-old. Id.

7

A search warrant was executed at Defendant's home, which is located about 100 yards from the Vo-Tech. N.T. 1/16/15 p. 6, 11; 1/15/15 p. 52. Two computers were recovered. N.T. 1/16/15 p. 16-17. One was in plain view in the Defendant's bedroom. Officers executing the warrant searched further when they found a computer port cord coming from the wall in Defendant's bedroom that was incompatible with this computer. Id. A second computer that was compatible with this cord was found underneath the kitchen sink. This computer was used to communicate with "Sammy." Id.

Detective Joseph Walsh, a member of the Internet Crimes Against Children Task Force testified without objection as an expert in digital forensics. See N.T. 1/16/15 pp. 95-120. Detective Walsh testified that the "Sunday Funday" ad was created on October 20, 2013 and was modified on October 27, 2013 at 4:04 p.m. Id. at 99. The modified version of the "Sunday Funday" ad stated only that Defendant was looking for a work-out partner and did not include any reference to sexual activity that was included in the ad that Sergeant Smith viewed. Id. at 99-103. Detective Walsh also testified that the Craigslist identification number that was assigned to the ads was the same identification number attached to the e-mail exchange. Id. at 101.

Through credible evidence the Commonwealth demonstrated beyond a reasonable doubt that the Defendant attempted to commit Involuntary Deviate Sexual Intercourse upon "Sammy," a fifteen year-old boy. A Craigslist ad seeking someone under twenty-five "who likes to suck and get sucked" was placed on October 20, 2015 and Sergeant Smith initiated contact. Defendant admitted posting an ad bearing the same identification number, although he claimed he sought only a workout partner. Over the course of seven days Defendant

8

exchanged e-mails with Sergeant Smith, who represented himself as a fifteen year-old boy who was worried that his mom would find out that he was communicating with the Defendant instead of doing his homework. Defendant exchanged photos with the "boy" and asked him for "Dick pics," pictures of his "hard D" and promised him a "BJ." Defendant arranged a meeting and showed up at the appointed location and the designated time. It was established that the computer that was discovered beneath Defendant's kitchen sink was used to place a Craigslist ad on October 20, 2013 and to carry on the e-mail exchange. All of the foregoing establish that Defendant intended to meet a fifteen year-old to perform and receive oral sex and that he took a "substantial step" toward completing the offense of Involuntary Deviate Sexual Intercourse by appearing at the Vo-Tech to meet his victim. See e.g. Commonwealth v. Crabill, 926 A.2d 488, 492 (Pa. Super. 2007); Commonwealth v. Jacob, 867 A.2d 614, 616 (Pa. Super. 2005); Commonwealth v. Zingarelli, 839 A.2d 1064 (Pa. Super. 2003).

Further, the verdict was in accord with the weight of the evidence. Sitting as the factfinder the Court considered and weighed the evidence in light of the perceived discrepancies suggested by the Defendant. In an effort to challenge the validity of the circumstantial and forensic evidence that leads to the conclusion that Defendant placed the ad that is depicted in C-1 and that the e-mail exchange set forth in Exhibit C-2 demonstrates Defendant's intent to commit Involuntary Deviate Sexual Intercourse, Defendant offered an expert report, authored by James P.Cassidy of SqrCom Technologies. See Exhibit D-12. Mr. Cassidy provided two conclusions after review of the evidence provided: 1) that there may have been chronological discrepancies in the e-mail exchanges that were provided to him

9

and 2) that he was unable to verify the Craigslist posting depicted in Exhibit C-1. Mr. Cassidy's conclusions do not warrant a different conclusion. It is the Court's conclusion that when read as a whole in any order the e-mailed messages demonstrate Defendant's settled and fully formed intent to commit Involuntary Deviate Sexual Intercourse. Regarding Exhibit C-1, Sergeant Smith testified that he took a "screen shot" of the ad that drew his attention and Detective Walsh testified credibly that an original ad posted on October 20, 2013 was modified on October 27, 2013. In the statement given following his arrest Defendant admitted placing an ad on Craigslist and acknowledged the e-mail exchange. The claim that he could not recall particular messages that included references to "Sammy's" age and Defendant's more graphic requests demonstrates only that Defendant tried to distance himself from the evidence that he thought was most incriminating. Finally, while the Court considered Defendant's suggestion that he believed that "Sammy" was older than eighteen because Craigslist warns that a person must be older that eighteen to respond to an ad, when considered in light of all of the evidence, this assertion carried little or no weight. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve. Commonwealth v. Tharp, 830 A.2d 519, 528 (Pa. 2003). The verdict is in accord with, rather than contrary to the evidence offered at trial and a new trial is not warranted.

### Defendant's Motion to Exclude Evidence

In a pretrial motion Defendant sought to exclude evidence of the Craigslist ad that the Commonwealth offered into evidence in Exhibit C-1. In support it was argued that because this evidence could not be authenticated by Craigslist it was inadmissible pursuant to

10

Pennsylvania Rule of Evidence 901. Rule 901, <u>Authenticating or Identifying Evidence</u>, provides, in pertinent part: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The rule provides a list of ways in which this requirement may be satisfied by way of examples, including: Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be." Pa.R.E. 901(b)(1). Sergeant Smith testified that Exhibit C-1   depicts the ad that he read on Craigslist on October 20, 2013 and that he captured in a screen shot. <u>See</u> N.T. 1/15/15 pp. 19-21. The Exhibit was properly authenticated through this  testimony, based on the Sergeant's personal knowledge, satisfying Rule 901's requirement that evidence support the conclusion that an item of evidence "is what the proponent claims it is." In this case, the evidence being a screen shot of what Sergeant Smith viewed on Craigslist.

Secondly, Defendant objected to this evidence on grounds of hearsay. An out-of-court statement offered for the truth of the matter asserted is not admissible. <u>See</u> Pa.R.E. 801 & 802. However, whether a statement is hearsay depends on the purpose for which it is offered. If it is offered not for its truth but because it was heard or relied on, "its probative value is entirely unrelated to the statement's ability to convey truth and it is not hearsay. Ohlbaum on the Pennsylvania Rules of Evidence,  §801.08 (2015 Edition). In this case the ad captured by Sergeant Smith was admissible because it was not considered as proof of the statements contained therein but to show the Sergeant's subsequent course of conduct. <u>See</u> e.g. <u>Commonwealth  v. Weiss</u>, 81 A.3d 767, 806 (Pa. 2013) (trooper's testimony that he received an anonymous telephone call informing him that appellant was with victim the night

11

she disappeared was not offered for its truth but to explain that receipt of the call prompted him to interview the appellant); Commonwealth v. Chmiel, 889 A.2d 501, 532 (Pa. 2005) ("[i]t is well established that certain out-of-court statements offered to explain the course of police conduct are admissible because they are offered not for the truth of the matters asserted but rather to show the information upon which police acted.").

## Commonwealth's Rule 404(b) Motion

Before trial the prosecutor gave notice, pursuant to Rule 404(b) of its intent to introduce evidence from two witnesses regarding events that transpired in separate instances between the Defendant and each witness. Because the parties agreed to waive their respective right to a jury trial the Defendant's motion *in limine* to preclude this evidence was heard by the Honorable Richard M. Cappelli. After a hearing Judge Cappelli ruled that testimony from these witnesses, Joshua Canto and Luke Hoesch, would be allowed for the limited purpose of proving that Defendant's intent in communicating with "Sammy" was to engage in sex with an underage boy. In making this ruling Judge Cappelli considered the fact that in his statement Defendant claimed that he innocently arranged a meeting with "Sammy," intending that the two would workout at his home. Judge Cappelli also considered whether it was necessary for the Commonwealth to use this evidence to prove "intent" and whether the probative value of this evidence outweighed its prejudicial impact. Finally, Judge Cappelli noted that the risk of unfair prejudice would be diminished in this case where the trial would not take place before a jury.

12

Joshua Canto and Luke Hoesch testified at trial. The trial Court however, concluded that the testimony presented was irrelevant and unreliable and disregarded it *in toto*, thereby eliminating any possibility of unfair prejudice that might have resulted from the testimony of these witnesses. N.T. 1/16/15 p. 28.

Joshua Cantor's testimony was brief. He testified that he knew the Defendant through his own mother and that as a result of a conversation he had with the Defendant he was left with a "vague feeling that [the Defendant ] was trying to determine his sexual orientation." Id. at 77. In response to the Court's question Mr. Cantor confirmed that the Defendant never propositioned him. Id. Luke Hoesch testified that he met Defendant at an NA meeting when he was about fifteen years old. Id. at 79. He never had a "face to face" conversation with the Defendant that was sexual in nature. Id. He testified that in a text message Defendant offered him $500.00 if he would allow the Defendant to perform oral sex on him. Mr. Hoesch could not remember when this exchange took place, he was impeached with a prior *crimin falsi*, he admitted that he was taking drugs at the time and on cross examination it became clear that he harbored an unsubstantiated belief that Defendant placed an ad soliciting sex on Craigslist and included Hoesch's name and telephone number. Id. at 78-90. The Court concluded that Mr. Cantor's testimony had no probative value and was therefore irrelevant and that Mr. Hoesch's testimony was completely unreliable and the parties of these findings on the record before the trial concluded. See N.T. 1/16/15 p. 28.

Under these circumstances the admission of this evidence was harmless and a new trial is not warranted. "Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously

13

admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." Commonwealth v. Hairston, 84 A.3d 657, 671-72 (Pa. 2014). "An error is harmless if it could not have contributed to the verdict."Commonwealth v. Wright, 599 Pa. 270, 961 A.2d 119, 143 (2008). Any concern of a prejudicial effect on the trier of fact does not predominate in non-jury trials, because trial judges sitting as fact finders in criminal cases are presumed to ignore prejudicial evidence in reaching a verdict. Commonwealth v. Irwin, 397 Pa. Super. 109, 579 A.2d 955, 957 (Pa. Super. 1990). In a non-jury trial, the judge is presumed to have disregarded inadmissible hearsay testimony. See In re J.H., 737 A.2d 275 (Pa. Super. 1999), "It is of the essence of the judicial function to hear or view proffered evidence, whether testimonial or in exhibit form, and to decide whether or not it should be admitted into evidence, or if admitted initially or provisionally, should later be excluded or disregarded." Commonwealth v. Dent, 837 A.2d 571 ( Pa. Super 2003) *quoting* Commonwealth v. Green, 464 Pa. 557, 561, 347 A.2d 682, 683 (1975). In this case the fact that the Court disregarded the objectionable testimony before reaching a verdict is a matter of record. The testimony did not contribute to the verdict and Defendant suffered no prejudice.

14

In light of the foregoing it is respectfully submitted that judgment of sentence should be affirmed.

BY THE COURT:

_____
James P. Bradley,                                    J.

FILED
2016 SEP 30 AM 9:

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA

15