J-A18026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: C.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 373 WDA 2021 |

Appeal from the Order Entered February 17, 2021
In the Court of Common Pleas of Somerset County Orphans' Court at
No(s): No. 19 ADOPTION 2020

| | | |
|---|---|---|
| IN RE: L.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 374 WDA 2021 |

Appeal from the Order Entered February 17, 2021
In the Court of Common Pleas of Somerset County Orphans' Court at
No(s): 18 Adoption 2020

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED: OCTOBER 12, 2021**

In these consolidated appeals,[1] S.R. (Mother) appeals from the orders

granting the petitions of Somerset County Children and Youth Services (the

Agency) and involuntarily terminating her parental rights to L.R., born in

_____

[1] This Court consolidated the appeals at 373 WDA 2021 and 374 WDA 2021
*sua sponte* on April 7, 2021, pursuant to Pa.R.A.P. 513. ***See*** Order, 4/7/21.

February 2012, and C.R., born in April 2015 (collectively Children).[2] We are constrained to affirm.

Children had previously been placed in kinship foster care from September of 2016 until September of 2017. N.T., 2/12/21, at 50. Children were subsequently returned to Mother's custody. The Agency received several referrals concerning Mother and Children, including incidents on January 28 and 30, 2019, when C.R., then three years old, left Mother's residence and walked to the Somerset County Courthouse. *Id.* at 57-59. The Agency received another referral raising, among others, concerns with Mother's substance abuse on February 28, 2019. *Id.* at 60. In total, the Agency received seven referrals concerning Mother and Children between October of 2018, and March 22, 2019. *Id.* at 61. On March 22, 2019, the Agency filed dependency petitions. *Id.* at 54-55.

The trial court adjudicated Children dependent on May 7, 2019. *Id.* at 52, 54. This was the third time L.R. was adjudicated dependent[3] and the second time C.R. was adjudicated dependent.[4] *Id.* at 52. Following the adjudication of dependency, Children remained in Mother's care. *Id.* at 52,

_____

[2] Children's natural father, C.R. IV (Father), died in January of 2015. N.T., 2/12/21, at 51-52; Pet. for Termination of Parental Rights, 9/1/20, Ex. B.

[3] L.R. had previously been adjudicated dependent on August 5, 2012, and on June 18, 2015. N.T., 2/12/21, at 53; *see also* Petitioner's Ex. A at 3; Petitioner's Ex. D at 1.

[4] C.R. had previously been adjudicated dependent on November 3, 2015. N.T., 2/12/21, at 54.

54-55, 61-62. After adjudicating Children dependent, the trial court ordered a number of goals for Mother: maintain a stable and safe home; maintain financial stability, which included consistent payment of her bills; complete an Agency-approved parenting program and demonstrate the skills learned; complete drug and alcohol treatment as recommended and random drug screens; participate in recommended services for L.R. and C.R. to promote their well-being and development; and ensure that L.R. and C.R. attend school daily. *Id.* at 62; Order, CP-56-DP-18-2012, 5/14/19, at 3; Order, CP-56-DP-41-2015, 5/13/19, at 2-3.

On May 20, 2019, Mother submitted to an Agency-ordered drug test, and she tested positive for methamphetamine.[5] N.T., 2/12/21, at 65-67, 81; Petitioner's Ex. G. The trial court then granted emergency custody of Children to the Agency on May 23, 2019. N.T., 2/12/21, at 55, 62. The Agency placed Children back in the same kinship foster home. *Id.* at 49-50. After the Children were placed in foster care, visitation with Children was added to Mother's goals. *Id.* at 62.

On March 10, 2020, Children's permanency goal was changed to adoption. *Id.* at 51. The Children had not been returned to Mother's care since their removal to foster care on May 23, 2019. *Id.* at 55, 70. On September 1, 2020, the Agency filed petitions to involuntarily terminate

_____

[5] Mother submitted another sample for an Agency-ordered drug test on May 23, 2019; while the preliminary test result was positive for amphetamine, the final laboratory results came back as negative for amphetamine. N.T., 2/12/21, at 68; Petitioner's Ex. H.

Mother's parental rights to Children pursuant to 23 Pa.C.S. § 2511(a)(8) and (b).

On February 12, 2021, the trial court conducted an evidentiary hearing on the petitions. Mother was incarcerated at the time of the termination hearing. *Id.* at 70, 92. Mother was present for the hearing and acted *pro se*, after previously discharging her counsel. *Id.* at 4-5. Kimberly Hindman, Esq., represented Children as their guardian *ad litem*, and Jaclyn M. Shaw, Esq., represented Children as their legal interest counsel. At the start of the hearing, Mother made an oral motion requesting that the presiding judge, the Honorable D. Gregory Geary, recuse himself because he also presided over criminal matters where Mother was the defendant. *Id.* at 11. President Judge Geary denied that motion. *Id.* The Agency presented the testimony of Carol Patterson, a psychologist, and Leigha Pruett, an Agency caseworker. *Id.* at 17-97. Mother did not testify or present any evidence on her behalf. *Id.* at 97-98.

On February 17, 2021,[6] the trial court entered orders involuntarily terminating Mother's parental rights to Children pursuant to Section 2511(a)(8) and (b). At Mother's request, the trial court appointed counsel to represent her on appeal. On March 12, 2021, Mother timely filed notices of

---

[6] The orders were dated February 12, 2021, but were date-stamped, docketed, and served on the parties on February 17, 2021. Under our appellate rules, the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b).

appeal and concise statements of errors complained of on appeal pursuant to Pa.R.A.P 1925(a)(2)(i) and (b) at each trial court docket number.[7]

The trial court filed two opinions pursuant to Rule 1925(a) on March 31, 2021, one at each docket number, in which the trial court explained its findings and conclusions under Section 2511(a)(8) and (b).

On appeal, Mother raises a single issue:

Should the presiding judge have disqualified himself based on information and actual knowledge obtained from presiding over criminal cases involving [Mother] that are at issue in the foregoing matter?

Mother's Brief at 6.

Mother argues that the trial court judge abused his discretion and erred when he denied Mother's motion to recuse. *Id.* at 13-17 (citing Code of Judicial Conduct Rule 2.11). Specifically, Mother claims that because President Judge Geary had personal knowledge of Mother's criminal proceedings, he could not preside impartially over Mother's termination proceedings. *Id.* at 15-16. Mother requests that we reverse the trial court's orders terminating her parental rights and remand for a new termination

---

[7] Mother complied with our Supreme Court's decision in *Walker* by filing separate notices of appeal under each trial court docket number. *See Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018).

Further, Mother filed identical Rule 1925(b) statements at each trial court docket number. Therefore, we shall refer to mother's 1925(b) statement in the singular throughout.

hearing before a judge who has not previously heard any civil or criminal matters involving Mother. *Id.* at 17.

Children, through their legal interest counsel, and the Agency both argue that Mother has waived this issue because she did not include it in her Rule 1925(b) statement. Children's Brief at 18-19; Agency's Brief at 19-22.

The trial court did not address Mother's recusal motion in its opinions.

Issues not raised in an appellant's Rule 1925(b) statement are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in a Rule 1925(b) statement are waived); *see also In re R.W.*, 855 A.2d 107, 112 (Pa. Super. 2004) (holding that the Commonwealth waived its claim on appeal that the trial court should have recused itself because the Commonwealth failed to raise that claim in its Rule 1925(b) statement). Therefore, we conclude that because Mother did not raise her recusal claim in her Rule 1925(b) statement, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *R.W.*, 855 A.2d at 112.

Even if Mother properly preserved her recusal claim for appeal, she is not entitled to relief.

This Court has explained:

> In reviewing the denial of a motion to recuse, our standard is abuse of discretion. Recognizing that our judges are honorable, fair and competent, we extend extreme deference to a trial court's decision not to recuse. It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially.

*Vargo v. Schwartz*, 940 A.2d 459, 471 (Pa. Super. 2007) (citations omitted and formatting altered); *see also Arnold v. Arnold*, 847 A.2d 674, 680-81 (Pa. Super. 2004) (holding that the party requesting recusal has the burden to establish the jurist cannot preside impartially, and a judge's denial of request to recuse is reviewed for an abuse of discretion).

Similarly, this Court has held that a judge who presides over a dependency and dispositional hearing for a child does not have to recuse from the termination of parental rights hearing involving the same child. *In re Quick*, 559 A.2d 42, 46 (Pa. Super. 1989) (stating "[i]t is unsupportable that an experienced trial judge is incapable of making factual determinations and legal findings in regard to the same child at different hearings . . . without being subject to bias or prejudice").

This Court has explained that "a trial judge should grant the motion to recuse only if a doubt exists as to his or her ability to preside impartially or if impartiality can be reasonably questioned." *In re A.D.*, 93 A.3d 888, 892 (Pa. Super. 2014) (citation omitted).

Further, when judges serve as the finder of fact, the law presumes they will disregard inadmissible and/or prejudicial evidence. *See, e.g., Commonwealth v. Fears*, 836 A.2d 52, 71 n.19 (Pa. 2003) (holding "a judge, as fact finder, is presumed to disregard inadmissible evidence and consider only competent evidence" (citation omitted)); *In re J.H.*, 737 A.2d 275, 279 (Pa. Super. 1999) (noting that in a proceeding where the judge is the fact finder, he or she is presumed to consider evidence for its proper

purpose and "is equipped, through training and experience, to assess the competency and relevance of proffered evidence and to disregard that which is prejudicial" (citation omitted)).

Therefore, even if Mother had not waived this issue, we find no abuse of discretion. There is no support in the record for Mother's contention that the trial court could not be an impartial finder of fact because he had previously presided over criminal cases against Mother. Mother failed to establish any bias, prejudice, or unfairness that would raise a substantial doubt as to the trial court's ability to preside impartially. *See Vargo*, 940 A.2d at 471; *Arnold*, 847 A.2d at 680-81. The trial judge is presumed to disregard inadmissible evidence including any he might have gained while presiding over Mother's criminal proceedings. *See Fears*, 836 A.2d at 71 n.19; *J.H.*, 737 A.2d at 279. *Cf. Quick*, 559 A.2d at 46. We conclude that the trial court did not abuse its discretion in denying Mother's request to recuse. *See Vargo*, 940 A.2d at 471; *Arnold*, 847 A.2d at 681.

Further, Mother raised challenges to the trial court's termination of her parental rights and the granting of the emergency custody order following her failed drug test in her Rule 1925(b) concise statement. *See* Mother's Rule 1925(b) Statement, 9/11/20. However, Mother does not argue these claims in her appellate brief, therefore, we are constrained to conclude that these issues are also waived. *See Interest of D.N.G.*, 230 A.3d 361, 363 n.2 (Pa. Super. 2020) (stating "an issue identified on appeal but not developed in the

appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

For these reasons, we conclude that Mother has waived all of her claims for relief, either by not raising them in her Rule 1925(b) statement or by not arguing them in her appellate brief. As Mother has not preserved any issues for this Court to review, we are constrained to affirm the orders terminating Mother's parental rights to Children.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2021