J-S20034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON W. GROVER | |
| Appellant | No. 1708 WDA 2014 |

Appeal from the Judgment of Sentence of June 10, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No.: CP-53-CR-0000047-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED MAY 22, 2015**

Brandon W. Grover appeals from the judgment of sentence entered June 10, 2014.  We affirm.

Grover's jury conviction arose from an alleged bar brawl that occurred around 1:30 a.m. on August 13, 2011 at the Northwoods Tavern in Coudersport, Pennsylvania.  Grover, who was a former amateur boxer, and his girlfriend, Jessica Snyder attacked Patrick and Karen Nelson as the Nelsons were leaving the bar.  Grover and Snyder inflicted broken noses and concussions upon both Nelsons.  In addition, Grover kicked Patrick Nelson in the ribs and head while wearing steel-toed boots.

On May 8, 2014, Grover testified in his own defense at a jury trial.  As described by the trial court:

> The Commonwealth, acting in good faith, relied on a certificate
> of disposition dated January 29, 2014, from the Honorable

Daniel J. Guiney indicating [Grover's prior] conviction for burglary [committed in Willing, New York]. [Grover] essentially denied the conviction for burglary and his attorney objected.

In point of fact, however, the New York records supplied by Justice Guiney were inaccurate. Mr. Grover in reality had entered a plea of guilty to criminal trespass, petty larceny[,] and criminal mischief in satisfaction of charges which originally included burglary. All of the crimes to which Mr. Grover pled are in fact misdemeanors, not felonies.

Trial Court Opinion ("T.C.O."), 8/25/2014, at 1 (record citation omitted).

The jury convicted Grover of attempted aggravated assault, aggravated assault, attempted simple assault, and simple assault.[1] On June 10, 2014, the trial court sentenced Grover to a term of incarceration of not less than seventy-two nor more than one hundred fifty months. Grover timely filed a post-sentence motion, requesting a new trial. The court denied the motion on August 25, 2014, and Grover timely appealed. On October 15, 2014, Grover filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and on November 3, 2014, the trial court adopted its August 25, 2014 memorandum pursuant to Pa.R.A.P. 1925(a).

Grover raises one issue for our review:

Did the trial court err by not granting [Grover] a new trial after the court was made aware the evidence and records of [Grover's] prior record that were submitted to the jury as rebuttal evidence to impeach [Grover's] credibility were incorrect and he was not in fact convicted of burglary in New York State?

---

[1]    **See** 18 Pa.C.S.A. §§ 901(a), 2701(a), and 2702(a).

Grover's Brief at 1.

Grover contends that he is entitled to a new trial because "[t]he introduction of the incorrect records from New York is akin to impeaching [Grover's] credibility with arrests which did not lead to convictions, which is impermissible." *Id.* at 3. We disagree.

Our standard of review is well-settled:

> On appeal from an order of the trial court denying an appellant's motion for a new trial, our review is limited to a determination of whether there has been an abuse of discretion or an error of law on the part of the trial court. In the absence of either of these elements, the order denying a new trial will not be disturbed.

***Commonwealth v. Farrior***, 458 A.2d 1356, 1358 (Pa. Super. 1983) (citations omitted).

> Impeachment evidence is evidence which is presented as a means of attacking the witness' credibility. There are several principal ways to attack a witness' credibility: evidence offered to attack the character of a witness for truthfulness, evidence offered to attack the witness' credibility by proving bias, interest, or corruption, evidence offered to prove defects in the witness' perception or recollection, and evidence offered to contradict the witness' testimony.

***Commonwealth v. Palo***, 24 A.3d 1050, 1055-56 (Pa. Super. 2011) (citation omitted). Pennsylvania Rule of Evidence 609, which governs the admission of impeachment evidence, provides in relevant part as follows:

> **Rule 609. Impeachment by Evidence of a Criminal Conviction**
>
> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo*

*contendere*, must be admitted if it involved dishonesty or false statement.

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609.

In making this determination, the following factors should be considered:

1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

***Palo***, 24 A.3d at 1056.

At trial, Patrick and Karen Nelson; Chandra Livingston, the bartender; Jonathan Huff, the bar's deejay; and the investigating police officers, Troopers Andrew Mincer and Mark VanVolkenburg, all testified that Grover

- 4 -

and Snyder attacked the Nelsons without provocation. Testifying in his own defense, Grover admitted to striking and kicking Patrick Nelson in the head three times. Notes of Testimony ("N.T."), 5/8/2014, at 89-92. However, Grover claimed that Karen Nelson had "raised a beer bottle like she [was] going to hit Jessica with it," and that Grover only fought Patrick Nelson in defense of Snyder. *Id.* at 89.

At the conclusion of trial, to impeach Grover's credibility, the Commonwealth introduced "a certificate of disposition from Allegany County, Willing Town Court in the State of New York . . . showing that Mr. Grover was charged with burglary and showing a disposition for that charge." *Id.* at 115-16.[2]

> During closing arguments, the Commonwealth argued as follows:
>
> Thank you, Your Honor. May it please the Court, Mr. Banik, Mr. Grover, ladies and gentlemen[] of the jury[,] good afternoon. Ladies and gentlemen, there can be no doubt in this case whatsoever that Mr. Nelson was blind si[ded], violently attacked and suffered serious bodily injury. Mr. Nelson and his wife again were at the Northwoods having a few beers. You've heard testimony from all these witnesses here today that they were not the aggressors, that Patrick was blind si[ded], never touched Jessica Snyder whatsoever. And you heard from Mr. Huff, who was the eye witness to the whole thing, about what transpired. This is not a situation that Mr. Grover would have you believe

_____

[2] The Commonwealth also elicited testimony from Trooper VanVolkenburg that Grover had three prior assaultive behavior convictions in Pennsylvania. N.T. at 66-70 (describing Grover's prior convictions for disorderly conduct for aggressive behavior, simple assault, reckless endangerment of another person, and an unrelated charge of simple assault in three different incidents).

that where Patrick was attacking his [girlfriend] and [he] used some sort of self-defense to protect her.

And showing that previous burglary involvement up in State of New York as Judge will instruct you the purpose of introducing that is to suggest that Mr. Grover in his background is not the— the argument is that he's not honest and truthful. And you can't consider it for any other purpose, the entry of that burglary conviction.

And you've heard all the witnesses testify exactly contrary to what Mr. Grover said here today. I submit to you Mr. Grover has a clear bias. These are very serious charges. He has bias to fabricate or lie. . . .

*Id.* at 121-22.

The trial court instructed the jury, *inter alia*, as follows:

Now, ladies and gentlemen, I do want to cover something very carefully with you. There was evidence offered in this case indicating that the defendant has a number of prior criminal convictions. And I'm talking about the testimony elicited by the Commonwealth as to . . . burglary. This evidence is not evidence of the defendant's guilt. The only purpose for which it is admissible is to assist you in determining the defendant's reputation for telling the truth and truthfulness of the testimony he offered. You are not to form guilt or innocence of those prior convictions but you can consider it only to help you judge the credibility, believability, and truthfulness of the testimony offered by the defendant as a witness in this case.

*Id.* at 132-33.

It is undisputed that Grover did not, in fact, have a prior conviction for burglary in New York but had "entered a plea of guilty to criminal trespass, petty larceny[,] and criminal mischief in satisfaction of charges which originally included burglary." T.C.O. at 1. Thus, it was error by the trial court to permit the introduction of evidence as to that specific crime.

Nonetheless, we conclude that admission of this statement constitutes harmless error.

"Harmless error is present when the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." ***Commonwealth v. Garcia***, 712 A.2d 746, 749 (Pa. 1998).

First, of the prior charges to which Grover actually pled guilty—criminal trespass, petty larceny, and criminal mischief—it is well-settled that "criminal trespass is an offense in the nature of *crimen falsi*." ***Commonwealth v. Walker***, 559 A.2d 579, 583 (Pa. Super. 1989). Therefore, the Commonwealth would still have been permitted to impeach Grover's credibility using *crimen falsi* pursuant to his conviction in New York.

Second, the victims and multiple eyewitnesses testified consistently that Grover attacked Patrick Nelson without provocation. Grover himself admitted to punching and kicking Nelson in the chest and face. Furthermore, the trial court properly admitted evidence of prior convictions in Pennsylvania for disorderly conduct for aggressive behavior, two counts of simple assault, and reckless endangerment of another person arising from three separate incidents as character rebuttal evidence pursuant to Pa.R.E. 404.

In light of this record, the effect of the erroneous admission of a burglary charge was "so insignificant by comparison that it is clear beyond a

reasonable doubt that the error could not have contributed to the verdict."
***Garcia***, 712 A.2d at 749. Accordingly, the admission of the burglary charge was harmless error, and the trial court did not abuse its discretion in denying Grover's motion for a new trial. ***See Farrior***, 458 A.2d at 1358. Grover's issue does not merit relief.

Judgment of sentence affirmed.


Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2015