J-S38011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                        :  PENNSYLVANIA
                                        :

            v.                   :
                                          :
                                         :

KENNETH ALLEN STROUTH        :
                                         :

            Appellant         :  No. 488 MDA 2020

Appeal from the Judgment of Sentence Entered December 9, 2019,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s):  CP-01-CR-0000094-2019.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED DECEMBER 30, 2020**

Kenneth Allen Strouth appeals from the judgment of sentence imposed following his convictions for burglary, theft by unlawful taking, and receiving stolen property.[1]  We affirm.

In 2019, Strouth was brought to trial on two counts each of burglary, theft by unlawful taking, and receiving stolen property arising from incidents that took place at two separate residences, one on November 8, 2018, and the other on January 7, 2019.  During his opening statement, defense counsel indicated that Strouth intended to testify on his own behalf.  Some time later, outside the presence of the jury, the trial court conducted a colloquy on the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(3), 3921(a), 3925(a).

record to inform Strouth of his constitutional right to remain silent or, in the alternative, to testify. During the colloquy, the trial court learned that Strouth had a prior *crimen falsi* conviction for conspiracy to possess a stolen firearm in 2009. The trial court incorrectly advised Strouth about the manner in which this information could be presented to the jury. The court initially stated: "if you were to testify, the Commonwealth would be entitled to cross-examine you and ask you about that conviction as it's one of theft related or *crimen falsi* type of a matter." N.T. Trial, 10/8/19, at 71. The court then advised Strouth: "If it's within statutory parameters, they might be able to ask you about it. So that's something you should discuss with your attorney as to whether or not that conviction would be made known to the jury. . . . It's you and your attorney that need to make that decision." *Id*.

The Commonwealth then advised the trial court that, in 2001, Strouth also pleaded guilty to multiple breaking and entering and grand larceny charges which would have resulted in his incarceration within ten years. *Id*. at 72. There was a discussion on the record between the court and the Commonwealth which indicated some uncertainty as to whether the ten-year period extended from the date of the offense or the date of the conviction. Ultimately, as the uncertainty had not been resolved, the trial court cautioned Strouth "do you understand that you and your attorney will need to discuss whether or not you wish to testify knowing that it's possible that the jury would be made aware of these other prior convictions; do you understand

that?" *Id*. at 72. The trial court then took a recess to permit Strouth to consult with defense counsel.

After the recess, the trial court indicated that *crimen falsi* convictions are admissible within ten years from the release from prison, and inquired as to when Strouth was released from prison for his 2001 *crimen falsi* convictions. The Commonwealth informed the trial court that Strouth was not released from prison on those charges until 2018. *Id*. at 72-73. The defense objected on the basis that the Commonwealth had not demonstrated which of the numerous 2001 convictions resulted in prison time being served by Strouth within ten years (*i.e.*, after 2009). The trial court agreed with the defense, and admonished the Commonwealth that they would need to establish which *crimen falsi* convictions resulted in incarceration from 2009 forward.

The Commonwealth then presented the trial court with records establishing that both the 2009 conviction and the 2001 convictions were admissible as *crimen falsi* under Pa.R.E. 609. The Commonwealth established that Strouth was sentenced in 2001 to serve twelve years in prison for his convictions for grand larceny and breaking and entering, which would have rendered Strouth incarcerated for those crimes within ten years of his 2019 trial date. Ultimately, the trial court ruled that both convictions would be admissible if Strouth testified. N.T. Trial, 10/8/19, at 107.

Based on this ruling, defense counsel requested that the court re-colloquy Strouth regarding his testimonial rights. The trial court complied, and advised Strouth as follows:

> Mr. Strouth, if you choose to testify, I've ruled that the Commonwealth can introduce evidence of your prior convictions for grand larceny and breaking and entering and conspiracy to possess a stolen item, which is a firearm. They can do so with the limiting instruction that it's not admitted to show that you are a person of bad character, but rather, to call into question your trustworthiness or honesty with regard to any testimony that you might provide. It's an impeaching mechanism, not necessarily a character reference. So knowing that that information is going to be given to the [j]ury if you testify, the question remains for you whether you wish to testify or whether you wish to exercise your Fifth Amendment right and remain silent and not testify. You'll need to speak to [defense counsel] here for a few minutes, but you need to understand that you have the right. The choice is entirely yours. There are risks associated with you choosing to testify.

*Id*. at 107-08. The trial court then held a recess so that Strouth could discuss with defense counsel his decision to testify or not. After speaking with counsel, Strouth ultimately chose not to testify. Consequently, the Commonwealth did not admit Strouth's *crimen falsi* convictions at trial.

When the trial concluded, the jury returned guilty verdicts on three counts arising from the November 8, 2018 incident, and not guilty verdicts on the three counts arising from the January 7, 2019 incident. The trial court later sentenced Strouth to two-and-one-half years to five years in prison.[2]

---

[2] The trial court imposed this sentence on the burglary conviction. The remaining convictions for theft and receiving stolen property merged with the burglary conviction for sentencing purposes.

- 4 -

Strouth filed a timely post-sentence motion, which the trial court denied. Strouth filed a timely notice of appeal. Both Strouth and the trial court complied with Pa.R.A.P. 1925.

Strouth raises one issue for our review: "Whether it was reversible error for the [c]ourt to instruct [Strouth] that the Commonwealth could introduce evidence of his *crimen falsi* convictions via cross[-]examination (not on rebuttal) if he chose to testify." Strouth's Brief at 6.

The cross-examination of a defendant at trial regarding prior offenses is governed by 42 Pa.C.S.A. § 5918, which provides:

> No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:
>
> (1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or
>
> (2) he shall have testified at such trial against a co-defendant, charged with the same offense.

42 Pa.C.S.A. § 5918. Thus, pursuant to section 5918, when a defendant in a criminal case has been called to testify in his or her own behalf, he or she generally cannot be cross-examined about prior convictions.

However, evidence of a prior conviction of a crime involving dishonesty or false statement may nevertheless be introduced in rebuttal after the

defendant has testified.  **See Commonwealth v. Bighum**, 307 A.2d 255 (Pa.

1973).  In this regard, Pa.R.E. 609 provides that:

> **(a)** In General.  For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> **(b)** Limit on Using the Evidence After 10 Years.  This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> > (1) its probative value substantially outweighs its prejudicial effect; and
> >
> > (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.
>
> * * *

Pa.R.E. 609(a), (b); **see also id**. Cmt. (providing that "where the date of

conviction or last date of confinement is within ten years of the trial, evidence

of the conviction of a *crimen falsi* is *per se* admissible").

The Pennsylvania Supreme Court has clarified that while *crimen falsi*

convictions are automatically admissible if the conviction is, or confinement

for the conviction ended, within the last ten years, the proof of such

convictions can only be introduced during rebuttal by competent witnesses

and certified court records, unless the defendant puts his good character in

issue.  **See Commonwealth v. Garcia**, 712 A.2d 746, 748 (Pa. 1998).

Finally, harmless error is present when the properly admitted evidence

of guilt is so overwhelming and the prejudicial effect of the error is so

insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict. *Id*. at 749.

Strouth contends that the trial court committed reversible error by initially informing him that he could be subject to cross-examination regarding the *crimen falsi* convictions. According to Strouth, "the trial court's ruling permitting the Commonwealth to cross-examine [Strouth] regarding his criminal record (not present evidence in rebuttal) directly and materially coerced [Strouth] to change his mind to not testify." Strouth's Brief at 13-14. Strouth further argues that, "[d]espite the *crimen falsi* convictions not having been admitted into evidence, the ruling here improperly and adversely affected a substantial right of [Strouth], *i.e*. his right to a fair trial under the Due Process Clause of the Fourteenth Amendment." *Id*. at 14.

Strouth additionally argues that the error was not harmless because the evidence of guilt in the November burglary for which he was convicted was not so overwhelming, such that it was clear beyond a reasonable doubt that the error could not have contributed to the verdict. He claims his testimony could have swayed at least one juror into finding the existence of doubt. According to Strouth, he "was required to consider the potential prejudicial

effect of prohibited cross-examination, not relatively benign rebuttal evidence." *Id*. at 15.[3]

Strouth attempts to distinguish the timing of the admission of his prior *crimen falsi* convictions. He believes their admission on cross-examination would have been prejudicial, but as rebuttal evidence would have been benign. We disagree. Here, Strouth was on trial for burglary, theft by unlawful taking, and receiving stolen property. In our view, Strouth has not convinced us that, had he taken the witness stand, his potential testimony would have been viewed as credible. Regardless of when or how the information came to light, the jury would have been informed that Strouth had numerous prior convictions for crimes involving dishonesty.

---

[3] Strouth additionally contends that the record is not clear what convictions were *crimen falsi* because no certified records were ever presented to defense counsel or the court, nor was a competent witness to authenticate them was present at trial. However, this issue was not raised in his Pa.R.A.P. 1925(b) concise statement, nor in his Pa.R.A.P. 2116 statement of questions involved. Thus, it is waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived); *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); Pa.R.A.P. 1925(b)(3)(vii), (proving that "issues not included in the Statement … are waived"). Moreover, even if the issue was not waived, it is meritless, as the Commonwealth only would have been required to present certified records and a competent witness if it sought to admit the *crimen falsi* convictions into evidence; however, as Strouth never took the witness stand, the need for certified records and a competent witness never arose. *See Garcia*, 712 A.2d at 748.

Further, Strouth does not challenge that his prior convictions were *crimen falsi* or that they were *per se* admissible because they fell within ten years of the instant proceeding. Although the trial court initially misstated that Strouth could be cross-examined with respect to the 2009 conviction for conspiracy to possess a stolen firearm, it timely corrected the error. Upon further discussion of this evidentiary issue, the court repeatedly indicated that, on rebuttal, the jury would be made aware of Strouth's *crimen falsi* convictions, including the multiple 2001 convictions for grand larceny and breaking and entering, if Strouth testified. Thus, other than the first misstatement, the trial court properly informed Strouth multiple times that the *crimen falsi* convictions would be admitted into evidence if he chose to testify. Moreover, the trial court encouraged Strouth to discuss the matter with defense counsel and gave Strouth ample time to discuss the matter with defense counsel, who could have provided clarification on the matter, if necessary.

Based on the record before us, we conclude that the trial court's initial error was harmless. Strouth was correctly advised multiple times that his prior convictions for grand larceny, breaking and entering, and conspiracy to possess a stolen firearm were admissible if he took the witness stand. Accordingly, we affirm Strouth's judgment of sentence.

Judgment of sentence affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2020