J-S17025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RENE SANCHEZ | : | |
| | : | |
| Appellant | : | No. 1264 MDA 2019 |

Appeal from the PCRA Order Entered January 8, 2018,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0002971-2010.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED SEPTEMBER 10, 2021**

Rene Sanchez appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

On direct appeal, this Court summarized:

> The facts underlying Sanchez's conviction[s] are as follows.  In November of 2009, the victim reported to the Children's Advocacy Center in Scranton, Pennsylvania, that Sanchez, her [22-year-old] cousin, sexually molested her on three occasions during the summer of 2008, when she was 13 years old.  The first incident occurred near the end of the school year.  The victim accompanied Sanchez to a CVS pharmacy.  However, rather than go in the store, Sanchez pulled his car, with tinted windows, near a dumpster behind the building.  He then provided [the victim] with cocaine, and sexually assaulted her in the back seat.  Sanchez warned the victim not to tell her mother

_____

[*] Retired Senior Judge assigned to the Superior Court.

about the assaults and threatened to expose the victim's drug use and drinking if she did.

The second incident occurred a few weeks later at Sanchez's home. Sanchez asked the victim and her brother to help carry bags into his house for his mother. Once there, Sanchez told his brother to take the victim's brother for a ride. The victim asked Sanchez's brother to stay, pleading "Don't go because you know what he is going to do." However, Sanchez's brother replied, "Oh, just suck it up, like forget about it." After she carried a bag upstairs, Sanchez pulled her into his room, and, once again, sexually assaulted her. Sanchez again threatened the victim, stating "Don't tell your mom of I will tell her that you are smoking and drinking and . . . you know, if I tell her she is going to believe me and they will send you to rehab."

The third assault occurred at the victim's house during a family barbecue. Sanchez anally raped the victim while she was watching TV in the living room. He reiterated his threat not to tell her mother. Although the victim confided in her brothers and a friend about the assaults, she did not tell her parents until sometime in 2009. The victim's father then informed the police of his daughter's allegations.

*Commonwealth v. Sanchez*, 120 A.3d 1058, (Pa. Super. 2015), unpublished memorandum at 2-3 (citations and footnotes omitted).

Following an investigation, the police arrested Sanchez and charged him with numerous offenses. On June 1, 2011, a jury convicted Sanchez of two counts of involuntary deviate sexual intercourse, three counts each of statutory sexual assault, unlawful contact with minors, and aggravated indecent assault, and one count each of indecent assault and corruption of minors. On November 22, 2011, the trial court imposed an aggregate sentence of 25-53 years of imprisonment, to be followed by four years of probation.

Following the denial of Sanchez's motion for reconsideration of sentence, Sanchez filed a timely appeal to this Court. Although we rejected his substantive claims, because the trial court had included illegal mandatory minimums as part of his sentence, we vacated his judgment of sentence and remanded for resentencing. *See Sanchez*, *supra*. On October 25, 2015, the Pennsylvania Supreme Court denied Sanchez's petition for allowance of appeal. *Commonwealth v. Sanchez*, 128 A.3d 220 (Pa. 2015).

Following the remand, the trial court re-sentenced Sanchez to an aggregate term of 22½ to 54 years of imprisonment to be followed by 16 years of special probation. Sanchez did not file an appeal.

On April 27, 2016, Sanchez filed a counseled PCRA petition in which he claimed that the victim had prepared a statement in which she recanted her trial testimony. The Commonwealth filed an answer, and the trial court scheduled an evidentiary for September 1, 2016. That same day, Sanchez filed an amended PCRA petition in which he raised two claims of ineffectiveness of trial counsel. The parties agreed to have the victim testify regarding her recantation at the hearing, and to leave the record open so that evidence could be received regarding Sanchez's two ineffectiveness claims.

On April 24, 2017, the PCRA court held a second evidentiary hearing. As stated by the PCRA court, "The Commonwealth and [Sanchez] relied on legal argument, neither presented trial counsel['s] testimony." PCRA Court Opinion, 1/19/21, at 6. Thereafter, Sanchez filed a brief in support of his

amended petition. By order entered January 8, 2018, the PCRA court denied Sanchez's amended petition in its entirety.

On February 8, 2018, Sanchez's counsel filed a notice of appeal. On April 9, 2018, this Court dismissed this appeal for failure to file a docketing statement. On August 28, 2018, Sanchez filed a *pro se* PCRA petition in which he asserted that counsel had abandoned him on appeal from the court's denial of post-conviction relief.[1] The PCRA court appointed current counsel, who filed an amended PCRA petition. On July 2, 2019, the PCRA Court reinstated Sanchez's appellate rights *nunc pro tunc*. This timely appeal followed. Both Sanchez and the PCRA court have complied with Pa.R.A.P. 1925.

Sanchez raises the following three issues on appeal:

1. Whether the PCRA court's denial of [Sanchez's PCRA petition] on the basis of ineffective assistance of trial counsel in failing to timely object to the prosecution's improper cross-examination of [Sanchez] on a [*crimen falsi*] conviction and in failing to seek a mistrial was supported by the record and/or free from legal error?

2. Whether the PCRA court's denial of [Sanchez's PCRA petition] claiming trial counsel provided ineffective assistance by failure to object to the Commonwealth's expert's testimony on the basis that it improperly bolstered the [victim's] testimony was supported by the record and/or free from legal error?

3. Whether the PCRA court's denial of [Sanchez's PCRA petition] seeking a new trial based upon the [victim's] recantation was supported by the record and free from

---

[1] Sanchez also had filed a *pro se* notice of appeal, which this Court quashed *sua sponte* because it was filed from an order that did not exist in the record. ***See Commonwealth v. Sanchez***, 919 MDA 2018.

>legal error, and made after a proper assessment of the credibility and significance of the recantation?

Sanchez's Brief at 3.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted). We discuss the issues and the law relating to each issue before turning to our analysis.

Sanchez's first two issues allege the ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

When attempting to prove ineffectiveness, the burden is always on the PCRA petitioner. While claims of trial court error may support the arguable merit element of an ineffectiveness claim, a PCRA petitioner must meaningfully discuss each of the three prongs of the ineffectiveness claim in order to prove that he is entitled to relief. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015). To this end, failure to elicit testimony from trial counsel regarding the reasonable basis for trial counsel's actions is fatal to a PCRA claim of ineffectiveness. *See Commonwealth v. Koehler*, 36 A.3d 121, 146-47 (Pa. 2012). It is petitioner's burden to produce counsel at a PCRA evidentiary hearing in order to meet his burden of proof that his claims warrant relief. *Commonwealth v. Jones*, 596 A.2d 885 (Pa. Super. 1991).

In his first issue, Sanchez asserts that reversible error occurred during the Commonwealth's cross-examination of him at trial and that trial counsel was ineffective for failing to object and move for a mistrial. Sanchez asserts that the prosecutor could not cross-examine him regarding a prior *crimen falsi* conviction because he did not place his character for truth at issue during his direct testimony.

The cross-examination of a defendant at trial regarding prior offenses is governed by 42 Pa.C.S.A. § 5918, which provides:

> No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:
>
> (1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or
>
> (2) he shall have testified at such trial against a co-defendant, charged with the same offense.

42 Pa.C.S.A. § 5918. Thus, pursuant to section 5918, when a defendant in a criminal case has been called to testify in his or her own behalf, he or she generally cannot be cross-examined about prior convictions.

However, evidence of a prior conviction of a crime involving dishonesty or false statement may nevertheless be introduced in rebuttal after the defendant has testified. *See Commonwealth v. Bighum*, 307 A.2d 255 (Pa. 1973). In this regard, Pa.R.E. 609 provides that:

> **(a)** In General. For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.

**(b)** Limit on Using the Evidence After 10 Years.  This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value substantially outweighs its prejudicial effect; and

> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

* * *

Pa.R.E. 609(a), (b); **see also id**. Cmt. (providing that "where the date of conviction or last date of confinement is within ten years of the trial, evidence of the conviction of a *crimen falsi* is *per se* admissible").

The Pennsylvania Supreme Court has clarified that while *crimen falsi* convictions are automatically admissible if the conviction is, or confinement for the conviction ended, within the last ten years, the proof of such convictions can only be introduced during rebuttal by competent witnesses and certified court records, unless the defendant puts his good character in issue.  **See Commonwealth v. Garcia**, 712 A.2d 746, 748 (Pa. 1998).

Finally, harmless error is present when the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict.  **Id**. at 749.

In his second issue, Sanchez asserts that trial counsel was ineffective for failing to object to the Commonwealth's expert testimony because it

improperly bolstered the victim's assertions, and the expert expressed her opinion at to the victim's veracity.

Section 5920 of the Judicial Code sets forth the scope of testimony of experts in criminal proceedings that concerning sexual offenses. This statute permits experts to offer their "opinions regarding specific types of victim responses and victim behaviors," but specifically precludes opinions addressing "the credibility of any other witness, including the victim." **_Commonwealth v. Cramer_**, 195 A.3d 594, 608 (Pa. Super. 2018); 42 Pa.C.S.A. § 5920(b). Our Supreme Court has recently reiterated that whether the expert's testimony impermissibly invades the jury's province of determining credibility must "be assessed on a case by case basis." **_Commonwealth v. Jones_**, 240 A.3d 881, 896 (Pa. 2020).

In his third and final issue, Sanchez asserts that the PCRA court erred in failing to grant him relief in the form of a new trial based upon the victim's recantation. According to Sanchez, "the PCRA court's assessment of the [victim's] recantation statement was not made in the light of all the evidence." Sanchez's Brief at 9.

To obtain PCRA relief based on after-discovered evidence, a PCRA petitioner must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different

verdict if a new trial was granted. The test for establishing PCRA relief based on after-discovered evidence is conjunctive; petitioner must show by a preponderance of the evidence that each of the factors has been met in order for a new trial to be warranted. **Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa. Super. 2012).

Moreover, recantation testimony may qualify as after-discovered evidence entitling a PCRA petitioner to relief provided the petitioner meets all four factors identified in **Foreman**, **supra**, and the PCRA court finds the recantation testimony credible. **Commonwealth v. D'Amato**, 856 A.2d 806, 823 (Pa. 2004). When making this credibility determination, the PCRA court must assess the credibility and the significance of the recantation in light of the evidence as a whole. **Id.** at 825.

Here, the PCRA court has authored a thorough and well-reasoned opinion pursuant to Rule 1925(a). The Honorable Michael J. Barrasse has addressed each of Sanchez's ineffectiveness claims, as well as his after-discovered evidence claim, with proper citation to legal authorities and citation to the certified record.

We discern no legal errors in Judge Barrasse's analysis,[2] and we find his factual findings and credibility determinations fully supported by our

_____

[2] We do not agree with Judge Barrasse's finding of waiver as to Sanchez's first issue. **See** PCRA Court Opinion, 1/19/1, at 8-9. Because Sanchez's attorney
*(Footnote Continued Next Page)*

review of the record. As such, we adopt Judge Barrasse's 1925(a) opinion as our own in affirming the order denying Sanchez post-conviction relief. ***See*** PCRA Court's Opinion, 1/19/21, at 9-17 (concluding that Sanchez's unsolicited assertion of his veracity permitted the Commonwealth to cross-examine him regarding a prior *crimen falsi* conviction that he denied; even, if objectionable, Sanchez did not call trial counsel to testify at the PCRA hearings and not all references to prior criminal activity warrant reversal); at 18-27 (concluding the Commonwealth's expert provided only generalized evidence about victims of sexual abuse and, although she stated her lack of findings were consistent with the history provided by the victim, the expert could not state whether sexual abuse occurred); and at 27-31 (concluding that the victim's recantation testimony was not credible and would not have affected the outcome of the trial; the victim prepared her recantation statement after threats were made to her children and her written explanation for lying at the time of trial was not credible or reasonable).[3]

Order affirmed.

_____

did not object during the Commonwealth's cross-examination of him, his ineffectiveness claim is properly before us.

[3] The parties are directed to attach Judge Barrasse's January 19, 2021, opinion to this memorandum in any future appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021