J-S32010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK BASHISTA | : | |
| | : | |
| Appellant | : | No. 55 MDA 2025 |

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003293-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: DECEMBER 11, 2025**

Patrick Bashista appeals from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, following his conviction of terroristic threats with intent to terrorize another.[1]  After careful review, we vacate and remand for a new trial.

Briefly, prior to the incident underlying the above-mentioned conviction, in 2018, Bashista's parents, Kathleen and Joseph Bashista (collectively, Parents), were granted a permanent Protection from Abuse (PFA) order against Bashista.  Following Kathleen's request to withdraw the petition, the PFA order was amended to expire on March 11, 2020.  Thereafter, in March of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(I).

2020, Bashista moved into Parents' residence at 2574 Mount Gretna Road, Elizabethtown, Lancaster County (the house).

Bashista resided in the house until May 2023. **See** N.T. Jury Trial, 7/8/24, at 100. On May 9, 2023, Kathleen filed for and was granted a temporary PFA order against Bashista, which prohibited Bashista from any contact with Kathleen and evicted Bashista from the house. However, Kathleen did not appear at the hearing to seek a permanent PFA order and, therefore, it was dismissed. **Id.** at 112.

This case arises from an incident that occurred between Bashista and Parents on May 25, 2023 at the house, which resulted in Bashista's arrest. At trial, Parents testified that Bashista threatened to kill them, grabbed Kathleen's arm, and pushed Joseph. **See id.** at 60, 75, 79. On May 26, 2023, Kathleen filed for and was granted another temporary PFA order against Bashista. The temporary PFA order also prohibited Bashista from stalking or harassing Joseph.[2] **See** Temporary PFA Order, 5/26/23, at 2.

Batista was charged with the above-mentioned offense. A jury trial took place from July 8 to July 9, 2024. At trial, Bashista testified in his own defense. **See** N.T. Jury Trial, 7/8/24, at 96-119. During his direct examination by defense counsel, Bashista testified that Parents made threats that they were

_____

[2] On January 10, 2024, the trial court continued the hearing date for a permanent PFA order, permitted Bashista to have contact with Kathleen as long as the contact was not abusive, and noted that Kathleen would withdraw the PFA petition if Bashista did not violate the PFA order prior to the scheduled hearing. **See** Order, 1/10/24.

going to evict him "but not through a legal eviction process." *Id.* at 102. Specifically, Bashista testified that, in April and May of 2023, Parents implied that they were going to evict him by "call[ing] Carl [Begmark, a Northwest Regional Police officer] and [] the entire Northwest Regional Police—and get [him] out." *Id.* at 103. Bashista also testified on direct examination that Parents had "made many calls before" to the police to evict him. *Id.*

At a sidebar prior to the Commonwealth's cross-examination, the trial court granted the Commonwealth's request to enter the prior PFA orders filed against Bashista, in favor of Parents, to impeach Bashista's testimony that he was being evicted because the history of the PFA orders showed that he was not being evicted. *Id.* at 108. Defense counsel did not object. *Id.*

On cross-examination of Bashista about the PFA order from 2018, the following exchange occurred between the Commonwealth and Bashista:

> [COMMONWEALTH:] Can I speak, sir? So[,] back in 2018 they filed a PFA against you[,] which was granted and that was for two years, was it not?
>
> [BASHISTA:] How is this relevant to the criminal trial?
>
> THE COURT: It's a yes/no question.
>
> [BASHISTA]: I don't know. It's been dismissed.
>
> [COMMONWEALTH:] So[,] for 2018 to the expiration—
>
> [BASHISTA:] I wasn't—
>
> THE COURT: No, let her finish her question.
>
> [COMMONWEALTH:] The order was terminated on March 11, 2020[,] which happens to coincide with the time that you returned back to your parents' house, correct?
>
> [BASHISTA:] That's right, I was sick while I—

- 3 -

> [COMMONWEALTH:]  What happened, do you remember, to get this PFA served against you?
>
> [BASHISTA:]  What happened?
>
> [COMMONWEALTH:]  Yeah.
>
> [BASHISTA:]  I don't know.
>
> [COMMONWEALTH:]  Would it jog your memory to refer you to assaulting your mother; you plead guilty for shoving her into a cabinet saying I'm going to kill you?
>
> [BASHISTA:]  I don't know.  I'm—I don't know what that is.

*Id.* at 110-11.  Defense counsel objected, but the trial court overruled the objection and permitted the admission of Bashista's prior conviction because Bashista had "opened the door of his own volition" through his testimony regarding the PFA orders.  *Id.* at 114-15.

Following the two-day trial, the jury convicted Bashista of the above-mentioned offense.  Bashista's sentencing was deferred to allow for the preparation of a presentence investigation report.  On October 22, 2024, the trial court sentenced Bashista to an aggregate sentence of time served to twenty-three months followed by a consecutive term of two years' probation with the potential for early termination of supervision after one year if all parole and probation obligations were met and there were no violations.  *See* Trial Court Opinion, 3/20/25, at 1-2.

On November 1, 2024, Bashista filed a post-sentence motion, which the trial court denied on December 10, 2024.  *Id.*  On November 12, 2024, Bashista filed a supplemental post-sentence motion to modify for time credit,

which the court granted and ordered Bashista's sentence be modified on December 11, 2024.[3]

On January 9, 2025, Bashista filed a timely notice of appeal. Both the trial court and Bashista have complied with the requirements of Pa.R.A.P. 1925. On appeal, Bashista raises one issue:

> Did the trial court err and abuse its discretion in permitting the Commonwealth, contrary to 42 Pa.C.S.[A.] § 5918 and over defense['s] objection, to question [Bashista] directly regarding his prior criminal conviction, thereby resulting in prejudicial and improperly elicited evidence to be heard by the jury?

_____

[3] Based on our review of the record, we conclude that this supplemental post-sentence motion was untimely as it was filed without leave of court. *See* Pa.R.Crim.P. 720(a)(1) (post-sentence motions must be filed "no later than 10 days" after sentencing). Bashista's supplemental post-sentence motion was filed 20 days after sentencing, exceeding the 10-day limit, and he did not seek and was not granted leave of course for the filing. *Id.* at (b)(1)(b) ("[D]efendant may file supplemental post-sentence motion in the **judge's discretion** as long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (b)(3).") (emphasis added); *see id.* at (b)(3)(a) (judge has 120 days to decide post-sentence motions and any supplemental post-sentence motions). Thus, that motion and the subsequent order were legal nullities. However, we observe that this error does not warrant dismissal of the appeal. The trial court denied Bashista's timely post-sentence motion within the time limits of Rule 720(b)(3)(a). Bashista filed a timely notice of appeal within 30 days of that denial. Thus, the appeal is timely, even with this procedural defect.

Additionally, we note that the claim of credit for time served raised in Bashista's untimely supplemental post-sentence motion goes to the legality of the sentence. *See Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009) (claim asserting that trial court failed to award credit for time served implicates legality of sentence). Thus, we could sua sponte order that his sentence be modified to grant credit for time served. *See Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) (challenge to legality of sentence is non-waivable and court can even raise and address it sua sponte). Nevertheless, based on our disposition, this issue is moot.

Appellant's Brief, at 7.

When a defendant chooses to testify at his own criminal trial, the following applies:

### § 5918. Examination of defendant as to other offenses.

No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless:

> (1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish[ing] his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or
>
> (2) he shall have testified at such trial against a co-defendant, charged with the same offense.

42 Pa.C.S.A. § 5918.

Bashista contends that the trial court erred in permitting the Commonwealth to question him about his prior assault conviction, that formed the basis of the 2018 PFA order, in violation of section 5918. *See* Appellant's Brief, at 18-19. He also argues that neither of the enumerated exceptions applied. *Id.* Further, Bashista argues that the error was not harmless because it was not a "passing reference to a prior charge." *Id.* at 19. Bashista points to the fact that the Commonwealth thrice questioned him directly regarding the prior conviction of assaulting his mother, which was highly

- 6 -

prejudicial. *Id.* at 20. Therefore, he argues that he is entitled to a new trial. *Id.* at 20.

In reviewing challenges to the trial court's evidentiary rulings, our standard of review is as follows:

> [T]he admissibility of evidence is a matter addressed to the sound discretion of the trial court and . . . an appellate court may only reverse upon a showing that the trial court abused its discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law.

*Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa. Super. 2015) (en banc) (quotations omitted).

The trial court agrees that it erred by permitting the Commonwealth to question Bashista on his prior assault conviction which formed the basis of the 2018 PFA order. *See* Trial Court Opinion, 3/20/25, at 4; *id.* at 5 (trial court requesting that this Court reverse and remand instant appeal for new trial).

After review of the record and prevailing case law, we agree. Here, the first enumerated exception found in subsection 5918(1) does not apply because nothing in Bashista's testimony tended to establish a good reputation or character that the Commonwealth was rebutting with evidence of Bashista's prior assault conviction. *See* 42 Pa.C.S.A. § 5918(1). In addition, the second enumerated exception does not apply because Bashista was not testifying as a co-defendant. *Id.* at § 5918(2). Therefore, pursuant to section 5918, the trial court erred in admitting the questions regarding Bashista's prior conviction. *See Commonwealth v. Garcia*, 712 A.2d 746, 749 (Pa. 1998)

(holding trial court committed prejudicial error in permitting examination about defendant's prior crimes when section 5918 "is clear that a defendant shall not be asked about his prior crimes, except under limited circumstances, none of which apply here.").

While the Commonwealth concedes that the trial court erred by permitting it to bring in testimony about Bashista's prior assault conviction, the Commonwealth nonetheless argues that the ruling was harmless error. **See** Commonwealth's Brief, at 8, 9. Specifically, the Commonwealth contends that the remaining evidence, which included testimony by Kathleen, Joseph, and the responding officer and the introduction of the substance of the three PFA orders, was so overwhelming that the prejudicial effect of the error was insignificant. **Id.** at 12-14. We disagree.

If an appellate court finds that the trial court abused its discretion in an evidentiary ruling, the court may deem an erroneous evidentiary ruling harmless beyond a reasonable doubt and affirm on that alternative basis. **See Commonwealth v. Holt**, 273 A.3d 514, 540 (Pa. 2022).

> An error is harmless if: (1) the error did not prejudice the defendant, or the prejudice was de minimis; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id.* "The Commonwealth bears the burden to prove beyond a reasonable doubt that the error did not contribute to the verdict." *Commonwealth v. Wright*, 961 A.2d 119, 143 (Pa. 2008).

"In Pennsylvania, the law is clear that if a testimonial reference[, absent specific circumstances,] . . . indicates to the jury the accused has been involved in prior criminal activity, reversible error has been committed." *Commonwealth v. Turner*, 311 A.2d 899, 900 (Pa. 1973). While not all references which may indicate prior criminal activity warrant reversal, prejudice results where the testimony conveys to the jury, either expressly or by reasonable implication, the fact of a prior criminal offense. *See Commonwealth v. Nichols*, 400 A.2d 1281, 1282 (Pa. 1979).

We are unconvinced by the Commonwealth's argument that the error was harmless. The jury heard evidence that Bashista was previously convicted of assaulting his mother, who was one of the complainants in the instant case. *See Nichols*, *supra*. This is the exact type of evidence that section 5918 was intended to preclude and, thus, admission of the prior criminal offense was clearly prejudicial to Bashista. *See Commonwealth v. Aponte*, 855 A.2d 800, 811 n.12 (Pa. 2004) (noting "[e]vidence of prior criminal activity . . . is probably only equaled by a confession in its prejudicial impact upon a jury") (internal citation omitted); *see also Garcia*, *supra*.

Accordingly, a review of the prevailing case law, trial court opinion, parties' arguments, and the record leads us to the inevitable conclusion that

the trial court abused its discretion, that the error was prejudicial, and that a new trial is required.[4]

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/11/2025

---

[4] We again note that the trial judge asked for this appeal to be remanded for a new trial. **See** Trial Court Opinion, 3/20/25, at 5. We appreciate it very much when a trial court, recognizing its own error, asks us to remand so that the error can be corrected.